# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WILLIAM L. HARDING, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-15-316-R |
| ) | |
| ROBERT CAUSASE, et al., ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

Plaintiff, William L. Harding, a state prisoner appearing pro se and in forma pauperis, brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his federal constitutional rights. The matter has been referred by United States District Judge David L. Russell for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C). An initial review of Plaintiff's Complaint [Doc. No. 1] has been conducted pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b)(1). For the reasons set forth below, the Court finds Plaintiff's Complaint fails to state any plausible claims upon which § 1983 relief may be granted. Accordingly, it is recommended that Plaintiff's Complaint be dismissed upon filing.

### I. Plaintiff's Claims

Plaintiff is currently confined at the Joseph Harp Correctional Center in Lexington, Oklahoma. His claims, however, arise from his prior confinement at the Oklahoma County Detention Center (OCDC) from approximately August 2012 through December 2013. Plaintiff names as Defendants the OCDC and Robert Causase and Christian Awusu, prison officials at the OCDC. He further alleges that other persons violated his constitutional rights but he does not identify them by name.

Plaintiff brings three claims for relief. In Count I, Plaintiff claims he was subjected to excessive force. He alleges he was pushed into a wall and held by two officers while a third officer shot him in the back three times. In Count II, Plaintiff claims his due process rights were violated because he did not receive any response to his "complaints or appeal." *See* Complaint, Count II. Finally, in Count III Plaintiff alleges he was subjected to unconstitutional conditions of confinement. Plaintiff alleges that he was required to occupy a cell in which the floor and walls were covered in human waste and that in relation thereto, Defendant Causase told him he did not care about anyone's civil rights. As relief, Plaintiff requests monetary damages for pain and suffering and emotional distress.

## II.     **Standards for Dismissal / Screening**

Where, as here, a prisoner is proceeding in forma pauperis, the court must dismiss the case if, at any time, the court determines the action fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). In addition, the court has a duty to screen a complaint in a civil action where a prisoner seeks redress from a governmental entity or an officer or employee of a governmental entity and must dismiss any portion of the complaint that fails to state a claim upon which relief may be granted. *See id*., § 1915(A)(b)(2).

The court's review of a complaint under § 1915(e)(2)(B)(ii) and § 1915(A)(b)(2) mirrors that required by Fed. R. Civ. P. 12(b)(6). The court must accept the plaintiff's allegations as true and construe them, and any reasonable inferences to be drawn from them, in the light most favorable to the plaintiff. *See Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). The court "review[s] the complaint for plausibility; that is, to determine whether the complaint includes enough facts to state a claim to relief that is plausible on its face." *Young v. Davis*, 554 F.3d 1254, 1256 (10th Cir. 2009) (quotations and citation omitted). "Threadbare recitals of the

elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A pro se plaintiff's complaint must be broadly construed under this standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The generous construction to be given the pro se litigant's allegations "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir.1997).

### III. Analysis

#### A. Count I – Excessive Force

Plaintiff's claim alleging excessive force is subject to dismissal because he fails to identify the prison officials responsible for the alleged wrongful conduct and he does not allege facts demonstrating the named Defendants personally participated in the alleged violation of his constitutional rights. *See Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006) ("In order for liability to arise under § 1983, a defendant's direct personal responsibility for the claimed deprivation of a constitutional right must be established."). In the section of the Complaint identifying the Defendants, he states only that they were "on duty" at the OCDC. *See* Complaint, ¶ A(2)-(3). These facts are insufficient to demonstrate that Defendants personally participated in the violation of Plaintiff's constitutional rights.

#### B. Count II – Due Process

Plaintiff's claim alleging a violation of his due process rights is also subject to dismissal. Plaintiff states: "I was not allowed a representative nor were my complaints or appeal responded

3

to." *See* Complaint, Count II. To the extent Plaintiff is referring to administrative grievances, his claim lacks merit. No "independent constitutional right to state administrative grievance procedures" exists. *Boyd v. Werholtz*, 443 F. App'x 331, 332 (10th Cir. 2011). *See also Walters v. Corrs. Corp. of Am.*, 119 F. App'x 190, 191 (10th Cir. 2004) (holding that a prisoner's "alleged denial of access to state administrative grievance procedures" would not have "resulted in a violation of his constitutional rights"); *Murray v. Albany County Bd. of County Commrs.*, Case No. 99–8025, 2000 WL 472842 at *2 (10th Cir. April 20, 2000) (unpublished op.) (allegations that defendant failed to answer prison grievances "failed to state a claim as a matter of law because prison grievance procedures do not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment") (internal quotations and citation omitted); *Serrano v. Ackley*, Case No. 11-3091-RDR, 2013 WL 4482980 at **4–5 (D. Kan. Aug. 19, 2013) (unpublished op.) (summarily dismissing prisoner's § 1983 claims regarding defendants' alleged failure to follow grievance procedures, failure to respond to his grievances, and failure to provide grievance forms for failure to state a violation of his Fourteenth Amendment due process or equal protection rights). Thus, any refusal to respond to an administrative grievance does not constitute a violation of Plaintiff's due process rights.

Moreover, Plaintiff does not allege that a failure to respond to the grievance somehow interfered with his right to access the courts and, therefore, "any alleged denial of access to state administrative grievance procedures has not resulted in a violation of his constitutional rights." *See Walters*, 119 F. App'x at 191. In addition, Plaintiff has not alleged that either of the named Defendants personally participated in the refusal to respond to his grievances. For all these reasons, Plaintiff's due process claim fails to state a claim upon which § 1983 relief may be granted.

### C. Count III – Conditions of Confinement

As his final claim for relief, Plaintiff alleges that for two days he had to stay in a cell with "bowel" and urine on the walls. *See* Complaint, Count III. Under Tenth Circuit precedent, exposure to human waste under similar circumstances has been deemed sufficient to satisfy the objective component of an Eighth Amendment claim. *See, e.g., DeSpain v. Uphoff*, 264 F.3d 965, 973 (10th Cir. 2001) (plaintiff's exposure for thirty-six hours to stench of sitting urine in his toilet and urine and feces in water near his cell met objective component of an Eighth Amendment claim). Plaintiff alleges, in relation thereto, that Defendant Causase "stated that he did [not] care about anyones [sic] Civil Rights." *See* Complaint, Count III. But Plaintiff does not identify with any specificity what role Defendant Causase played with respect to these conditions. For example, Plaintiff does not allege that he requested cleaning supplies or to be moved to another cell and that Defendant Causase refused such requests. Thus, Plaintiff's current allegations, without more, do not sufficiently state a claim against Defendant Causase. And because Plaintiff does not allege any personal participation by Defendant Awusu, he fails to state a claim upon which relief may be granted as to this defendant.

### D. Claims Against the OCDC

Plaintiff also identifies the OCDC as a defendant but he does not allege any specific claims against the OCDC. The OCDC lacks an identity separate and apart from the county it serves and therefore is not a suable entity in a § 1983 action. *See*, *e.g., Lindsey v. Thomson*, 275 F. App'x 744, 747 (10th Cir. 2007) (affirming dismissal of § 1983 claims against police departments and county sheriff's department, entities with no apparent legal existence); *Aston v. Cunningham*, No. 99-4156, 2000 WL 796086 at *4 n. 3 (10th Cir. June 21, 2000) (unpublished op.) (affirming dismissal of county jail as defendant in prisoner's § 1983 action on basis that "a

detention facility is not a person or legally created entity capable of being sued"). Therefore, Plaintiff's claims, if any, against the OCDC should be dismissed.

## IV. <u>Leave to Amend</u>

Where a complaint fails to state a claim upon which relief may be granted, dismissal of the action is proper only if it would be futile to allow the plaintiff leave to amend the complaint. *Kay*, 500 F.3d at 1217. Here, as to Counts I and III, Plaintiff could amend the complaint to allege facts demonstrating personal participation by Defendants Causase and Awusu. Thus, it is recommended that the claims raised in Counts I and III be dismissed for failure to state a claim upon which relief may be granted, but with leave to amend. With respect to the claim raised in Count II and any claims against the OCDC, however, leave to amend would be futile because as set forth, any alleged failure to respond to his administrative grievances does not give rise to a constitutional violation and the OCDC is not a suable entity in this § 1983 action. *See, e.g., Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) (leave to amend is futile where a meritorious claim cannot be supported on the basis of the underlying facts). Accordingly the dismissal of the claim raised in Count II and the claims, if any, alleged against the OCDC should be with prejudice.

## RECOMMENDATION

It is recommended that the claim raised in Count II of the Complaint and any claims alleged against the OCDC be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) (ii) and § 1915A(b)(1). It is further recommended that the claims raised in Counts I and III of the Complaint be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1), but that Plaintiff be granted leave to amend these claims. Plaintiff should be

6

required to file an amended complaint within twenty-one (21) days of any order of the District Court adopting this Report and Recommendation.

## NOTICE OF RIGHT TO OBJECT

Plaintiff is advised of his right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of the District Court by September 21, 2015. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); LCvR 72.1. Failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the District Judge in this matter.

ENTERED this 31st day of August, 2015.

BERNARD M. JONES
United States Magistrate Judge