# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| WILLIAM L. HARDING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIV-15-316-R |
| | ) | |
| ROBERT CAUSAGE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff, a state prisoner appearing *pro se* and *in forma pauperis*, filed this action pursuant to 42 U.S.C. § 1983, alleging violations of his federal constitutional rights with regard to his detention at the Oklahoma County Detention Center. Pursuant to 28 U.S.C. § 636(b)(1)(B), the matter was referred to a United States Magistrate Judge for preliminary review. On August 31, 2015, Judge Bernard M. Jones issued a Report and Recommendation wherein he recommended that the Plaintiff's Complaint be dismissed on filing pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b)(1). The matter is currently before the Court on Plaintiff's timely objection to the Report and Recommendation, which gives rise to the Court's obligation to conduct a *de novo* review of those portions of the Report and Recommendation to which Plaintiff makes specific objection. Having done so, the Court finds as follows.

Plaintiff does not directly object to the Report and Recommendation, which recommends dismissal in part because Plaintiff fails to adequately identify the individual Defendants involved in the deprivation of his constitutional rights. Plaintiff requests in his objection that he be given additional time in which to identify the detention officers involved

in allegedly using excessive force against him. He asserts that prior to his transfer to the Oklahoma Department of Corrections he sent the relevant materials to the American Civil Liberties Union ("ACLU") and asked for their assistance. He has now requested that the ACLU provide the documents to the Court. He asks the following of the Court in his objection:

> (one) request said files from the ACLU of Oklahoma . . .
> (Two) Appoint attorney or investigator to assist in retrieving said files . . .
> (Three) To give more time to [attempt] to retrieve the files from ACLU. Yet please note that I have written ACLU, also my mother has spoken to Bryan "?" of the Okla. Chapter of ACLU without release of needed documents.
> (Four) That upon this request that said court uses its discretion and [subpoena] the Okla. Chapter of ACLU for said documents given them on behalf of William L. Harding.

Objection, p. 1-2.

The Court hereby GRANTS Plaintiff an additional thirty days in which to seek leave to amend his Complaint to add the names of the persons allegedly involved in the deprivation of his constitutional rights as to Count 1 of the Complaint, wherein he alleged excessive force. The Court denies Plaintiff's request that it either request or subpoena documents from the ACLU. Plaintiff sent the documents to the organization and he is tasked with retrieving the documents. Additionally, Plaintiff states he sent certain documents to his mother, but does not indicate why those documents do not allow him to identify the persons that allegedly violated his rights by using excessive force against him. The Court declines Plaintiff's request for the appointment of counsel to aid in retrieving the files.

With regard to his due process claim, Plaintiff does not respond to the Report and Recommendation to the extent that Judge Jones recommended dismissal because the facts as alleged do not state a claim. As such, the Court adopts the Report and Recommendation with regard to the dismissal of Plaintiff's Count II. In Count III, Plaintiff alleges a conditions of confinement claim against Defendants Causase and Awasu. Judge Jones concluded that Plaintiff had failed to allege sufficient facts to support the personal involvement of either Defendant and therefore failed to state a claim against either of the individual Defendants with regard to Count III. Plaintiff does not specifically object to this conclusion, and therefore the Report and Recommendation is adopted with regard to Count III.

With regard to Plaintiffs claims against the Oklahoma County Detention Center, Judge Jones recommended dismissal because the Detention Center is not a proper party under § 1983, as it lacks an identity separate from Oklahoma County. Plaintiff does not object to this conclusion either, and therefore, the Report and Recommendation is hereby adopted with regard to Judge Jones' recommendation for dismissal of Plaintiff's claims against the Oklahoma County Detention Center.

Finally, Judge Jones recommended that Plaintiff be granted leave to amend with regard to Counts I and III of the Complaint. The Court agrees, and hereby grants Plaintiff thirty days in which to file an amended complaint remedying the deficiencies noted by the Report and Recommendation and this Order. Failure to timely file an Amended Complaint may result in dismissal of this action without prejudice, without prior notice from the Court.

For the reasons set forth herein, the Report and Recommendation is hereby ADOPTED.

IT IS SO ORDERED this 10th day of September, 2015.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE