**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF OKLAHOMA**

WILLIAM L. HARDING,                          )
                                             )
      Plaintiff,                    )
                                             )
v.                                           )     Case No. CIV-15-316-R
                                             )
ROBERT CASAUS, et al.,                       )
                                             )
      Defendants.                   )

## REPORT AND RECOMMENDATION

      Plaintiff, William L. Harding, a state prisoner appearing pro se and in forma pauperis, brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his federal constitutional rights. The matter has been referred by United States District Judge David L. Russell for proposed findings and recommendations consistent with 28 U.S.C. § 636(b)(1)(B) and (C).

      Pending before the Court is the Motion to Dismiss [Doc. No. 46] of Defendants Robert Casaus, Russell Dear, Christian Owusu, Andres Sanchez, Colton Stonebreaker and Sheriff John Whetsel (collectively, the Moving Defendants).[1] Plaintiff has responded to the Motion, *see* Objection [Doc. No. 57], and the matter is now at issue. The Court also has received the court-ordered Special Report [Doc. No. 47]. For the reasons set forth below, it is recommended that the Moving Defendants' Motion, construed in part as a motion for summary judgment, be granted. It is further recommended that summary judgment be granted as to certain claims brought against the remaining Defendants and/or that any claims brought against those Defendants be dismissed for failure to state a claim upon which § 1983 relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[1]For clarity, the Court uses the correct spellings of the Defendants' names as reflected in the Motion to Dismiss [Doc. No. 46] and the Special Report [Doc. No. 47].

Also before the Court are pending motions filed by Plaintiff including a Motion for Default Judgment [Doc. No. 51], Motions [Doc. Nos. 52, 53] requesting leave to further amend the claims raised in the Amended Complaint, Motions [Doc. Nos. 55, 56 and 61] requesting an order from this Court regarding the issuance of summonses and service of process and a Motion [Doc. No. 63] purporting to seek "mandamus relief." The Moving Defendants have responded to certain of these Motions, *see* Responses [Doc. Nos. 54, 58, 64], and Plaintiff has replied [Doc. Nos. 59, 60]. It is recommended that these Motions be denied.

## I.    Factual Background / Procedural History

 Plaintiff commenced this action by filing a Complaint [Doc. No. 1] on March 26, 2015. Plaintiff raised four claims for relief based on incidents occurring during his period of confinement at the Oklahoma County Detention Center (OCDC) from August 22, 2012 until approximately January 9, 2014.[2]  Upon initial review of the Complaint and pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), Plaintiff's Complaint was dismissed for failure to state a claim upon which relief may be granted. However, Plaintiff was granted leave to amend the Complaint. *See* Order [Doc. No. 14] at p. 3.

Plaintiff filed an Amended Complaint [Doc. No. 15] on September 22, 2015. He now raises eleven claims for relief. The Moving Defendants seek dismissal of Plaintiff's claims for failure to state a claim upon which relief may be granted. As to certain claims, however, the Moving Defendants rely on matters outside the pleadings. As more fully discussed below, to the extent the Court has considered those additional matters in addressing claims, the Moving

---

[2] As discussed in more detail herein, during a period of that time Plaintiff was a pretrial detainee and for the remaining period of time, Plaintiff was a convicted prisoner.

Defendants' Motion is construed as a motion for summary judgment. *See* Fed. R. Civ. P. 12(d); Fed. R. Civ. P. 56.[3]

The Court has also reviewed the claims raised against all remaining Defendants who have either not been served or have not joined in the Moving Defendants' Motion.[4] For the reasons set forth below, it is recommended that summary judgment be granted in favor of these Defendants as to certain claims and/or that the claims be dismissed for failure to state a claim upon which § 1983 relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).[5]

## II.    Plaintiff's Claims Raised in the Amended Complaint

In Count One of the Amended Complaint, Plaintiff alleges he was subjected to unconstitutional conditions of confinement as a result of actions taken by Moving Defendant Casaus. He also brings the claim raised in Count One against Non-Moving Defendants Lt. John Doe and Officer John Doe. In Counts Two, Three, Five and Six, Plaintiff brings claims alleging excessive force was used against him by various officials at the OCDC. Of the Moving Defendants, only Defendants Owusu (Count Three), Stonebreaker (Count Five) and Sanchez (Count Six) are identified as involved in this allegedly wrongful conduct. The Non-Moving Defendants include Defendant O'Melly and various John and Jane Doe Defendants. In Count

---

[3] Plaintiff has been notified that the Moving Defendants' Motion may be construed as a motion for summary judgment. *See* Order Requiring Service and Special Report [Doc. No. 17], ¶ 6.

[4] Those Defendants are: John Does 1-11 ( Lieutenants and Officers), FNU O'Melly, Jane Doe, FNU Thortau, FNU Hill, FNU Long and County of Oklahoma County.

[5] Because dismissal of the claims is recommended on this basis, the Court does not address whether, as to the unserved Defendants, dismissal is further proper pursuant to Fed. R. Civ. P. 4(m).

Four, Plaintiff alleges he was subjected to threats and harassment. He brings this claim against Moving Defendant Owusu and against Non-Moving Defendant, Thortau.

In Count Seven Plaintiff brings a claim against Non-Moving Defendant Hill alleging that he refused to provide medication to Plaintiff. In Count Eight, Plaintiff alleges Non-Moving Defendant Long made false statements against him resulting in the imposition of disciplinary sanctions. In Count Nine, Plaintiff alleges he was denied the ability to pursue prison grievances. He brings this claim against Non-Moving Defendants John Doe Grievance Supervisor and Officer John Doe Grievance Investigator.

The claim raised in Count Ten is brought against Moving Defendants Whetsel and Dear. Plaintiff alleges that, as head administrators, these Defendants failed to properly train the detention officers at the OCDC. Finally, the claim raised in Count Eleven is brought against the County of Oklahoma County and similarly alleges a failure to properly train and supervise detention officers at the OCDC.

## III.  **Standards of Decision**

### A.  **Dismissal for Failure to State a Claim Upon Which § 1983 Relief May be Granted Pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B)(ii)**

Whether the court's review of a complaint proceeds under Fed. R. Civ. P. 12(b)(6) or 28 U.S.C. § 1915(e)(2)(B)(ii)[6] the analysis is the same. The court must accept the plaintiff's allegations as true and construe them, and any reasonable inferences to be drawn from them, in the light most favorable to the plaintiff. *See Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). The court "review[s] the complaint for plausibility; that is, to determine whether the complaint

_____

[6] Pursuant to § 1915(e)(2)(B), the court has a continuing duty to screen a complaint in a civil action where a prisoner is proceeding in forma paupers and "shall dismiss the case at any time" if the action is frivolous or malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

includes enough facts to state a claim to relief that is plausible on its face." *Young v. Davis*, 554 F.3d 1254, 1256 (10th Cir. 2009) (quotations and citation omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Because Plaintiff is appearing pro se, the court must liberally construe the allegations of his complaint. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). But this liberal construction "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997).

### B. Summary Judgment Pursuant to Fed. R. Civ. P. 56

As to those claims for relief for which the Moving Defendants have submitted, and the Court has considered, matters outside the pleadings, the Court construes the Moving Defendants' Motion as a motion for summary judgment. *See* Fed. R. Civ. P. 12(d). Under Rule 56 of the Federal Rules of Civil Procedure, the court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). Once a moving party shows it is entitled to judgment as a matter of law, the burden shifts to the nonmoving party to point out the specific facts that create disputed factual issues. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The nonmoving party must present some evidence, other than its initial pleadings, to show that there is more than just a "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,

475 U.S. 574, 586 (1986); *see also Celotex,* 477 U.S. at 324 (*quoting* Rule 56(e) ("Rule 56(e) . . .

requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by [other

evidence] designate 'specific facts showing that there is a genuine issue for trial.'").

To defeat a motion for summary judgment, evidence must be based on more than mere

speculation, conjecture or surmise. *Rice v. United States,* 166 F.3d 1088, 1091-1092 (10th Cir.

1999). Moreover, the existence of a factual issue does not preclude entry of summary judgment

where there is no evidence to support a dispute on that issue or the evidence is so one-sided that

no reasonable juror could find for the other side. *True v. United States,* 190 F.3d 1165, 1177

(10th Cir. 1999). Conclusory allegations will not create a genuine issue of material fact

defeating a summary judgment motion. *White v. York Int'l Corp.,* 45 F.3d 357, 363 (10th Cir.

1995). In evaluating a motion for summary judgment, a district court must consider the evidence

in the light most favorable to the nonmoving party and draw all reasonable inferences from those

facts in favor of that party. *United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962).

## IV. <u>Analysis</u>

### A. **Unexhausted Claims – Counts One through Seven**

The Moving Defendants raise the affirmative defense that Plaintiff has failed to exhaust

administrative remedies as required by the Prison Litigation Reform Act (PLRA), 42 U.S.C.

§ 1997e(a), with respect to the claims raised in Counts One through Seven. The Moving

Defendants rely on, and the Court has considered, matters outside the pleadings in addressing

this ground for dismissal. Therefore, the Court converts the Moving Defendants' Motion to a

motion for summary judgment governed by Rule 56.

Section 1997e(a)'s exhaustion requirement "allows prison officials an opportunity to

resolve disputes concerning the exercise of their responsibilities before being haled into court"

and "improve[s] the quality of suits that are filed by producing a useful administrative record." *Jones v. Bock*, 549 U.S. 199, 204 (2007). Exhaustion is mandatory and an unexhausted claim cannot be brought in court. *Id*. at 211 (*citing Porter v. Nussle*, 534 U.S. 516, 524 (2002)).

Section 1997e(a) requires "proper exhaustion," that is, full compliance with the prison's grievance procedure. *See Woodford v. Ngo*, 548 U.S. 81, 90, 93 (2006). Accordingly, "[a]n inmate who begins the grievance process but does not complete it is barred from pursuing a . . . claim under [the] PLRA for failure to exhaust his administrative remedies." *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002). But inmates are only required to exhaust available administrative remedies. *Little v. Jones*, 607 F.3d 1245, 1250 (10th Cir. 2010).

Exhaustion is an affirmative defense and a defendant bears the burden of proof. *See Jones*, 549 U.S. at 216; *see also Roberts v. Barreras*, 484 F.3d 1236, 1241 (10th Cir. 2007) ("We . . . hold that the burden of proof for the exhaustion of administrative remedies in a suit governed by [42 U.S.C. § 1997e(a)] lies with the defendant."). If the defendant demonstrates the absence of a disputed issue of material fact on the issue of exhaustion, the burden shifts to the plaintiff to "demonstrate with specificity the existence of a disputed material fact" or "show that remedies were unavailable to him as a result of" the actions of prison officials. *Hutchinson v. Pfeil*, 105 F.3d 562, 564 (10th Cir. 1997); *Tuckel v. Grover*, 660 F.3d 1249, 1254 (10th Cir. 2011).

In support of the exhaustion defense, the Moving Defendants rely on the Affidavit of Sgt. Sean McKeehan, the Grievance Coordinator at the OCDC. *See* Affidavit [Doc. No. 47-8] at pp. 2-3 and the notarized statement of Jack Herron, Jail Administrator [Doc. No. 47-8] at p. 4.[7] The

---

[7] Citations to the parties' submissions refer to the Court's Electronic Case Filing (ECF) pagination.

Moving Defendants also submit the grievance records of Plaintiff during his detention at the OCDC. *See* Grievance Records [Doc. No. 47-8] at pp. 5-24.[8]

A review of the Moving Defendants' submissions supports a finding that Plaintiff did not exhaust administrative remedies as to the claims raised in Grounds One through Seven.[9] In his Objection, Plaintiff does not refute this evidence. Instead, Plaintiff states the grievance process at the OCDC is a "sham." *See* Objection at p. 3. According to Plaintiff he was required to submit grievances to the same persons against whom he was bringing his complaints rendering the process unfair.

"Where prison officials prevent, thwart, or hinder a prisoner's efforts to avail himself of an administrative remedy, they render that remedy 'unavailable' and a court will excuse the prisoner's failure to exhaust." *Little*, 607 F.3d at 1250 (citation omitted). But Plaintiff provides no specific factual allegations to demonstrate he was thwarted in his efforts to exhaust administrative remedies, and the grievance record submitted by the Moving Defendants belies

---

[8] The Moving Defendants attach the same exhibits to their Motion as those submitted with the Special Report. The Court limits its citation to the Special Report.

[9] Plaintiff submitted two Requests to Staff on October 17, 2012 related to incidents complained about in Count One of the Amended Complaint. *See* Requests to Staff [Doc. No. 47-8] at pp. 11-12 and pp. 13-18. Plaintiff received responses and took no further action to complete the grievance process. *See id.*; *see also* McKeehan Affidavit, ¶¶ 6-10. Plaintiff submitted a grievance on January 25, 2013 regarding the incident which forms the basis of the claim raised in Count Two of the Amended Complaint. *See* Grievance [Doc. No. 47-8] at pp. 5-10. The grievance was denied and Plaintiff did not appeal the denial as required by the OCDC grievance procedure. *See* McKeehan Affidavit, ¶ 8; *see also* Herron Statement. Finally Plaintiff submitted a Request to Staff (electronically) on November 9, 2013 on a matter unrelated to any claims alleged in this action. *See* Request to Staff [Doc. No. 47-8] at pp. 23-24.

Plaintiff received disciplinary sanctions as a result of an incident on July 23, 2013. *See* Special Report [Doc. No. 47-6] at pp. 12, 19-20. To the extent Plaintiff challenged the imposition of sanctions in the context of the disciplinary proceedings, such a challenge does not equate to exhaustion of administrative remedies as Plaintiff must utilize the prison's administrative grievance process. *See, e.g., Carr v. Brill*, 187 F. App'x 902, 905 (10th Cir. 2006); *Martin v. Butler*, 10 F. App'x 773, 774 (10th Cir. 2001).

Plaintiff's assertion. Thus, Plaintiff's conclusory and self-serving allegations are insufficient to withstand summary judgment. *See, e.g., Simpson v. Jones*, 316 F. App'x 807, 810-811 (10th Cir. 2009) (unpublished op.) (prison inmate's unsworn, generalized and conclusory allegations regarding allegedly rampant practice on part of Oklahoma Department of Corrections employees to hinder or sabotage inmates' attempts to exhaust their administrative remedies, as required by § 1997e(a), were insufficient to create any genuine issue of material fact as to whether he had in fact exhausted his administrative remedies); *Bell v. Ward*, 189 F. App'x 802, 804 (10th Cir. 2006) (where state submitted evidence demonstrating that prisoner's file did not contain any administrative appeals for the time period governing prisoner's claims, and prisoner responded with only conclusory allegations that prison officials destroyed his appeals and falsified the prison grievance log, record failed to establish that administrative remedies were unavailable or futile and district court properly applied § 1997e(a)'s exhaustion requirement in dismissing prisoner's § 1983 action).

Therefore, the Court finds Plaintiff has failed to exhaust the claims raised in Counts One through Seven of the Amended Complaint. The Moving Defendants' Motion should be granted as to these claims and the claims should be dismissed without prejudice.[10] The Court also recommends that summary judgment be entered in favor of any Non-Moving Defendants against whom the claims raised in Counts One through Seven are brought. The legal basis for granting summary judgment applies equally to them and Plaintiff has had the opportunity to respond to the defense. *See Smith v. Jones*, 606 F. App'x 899, 902 (10th Cir. 2015) ("[B]ecause Mr. Smith equally failed to exhaust his remedies as to all Defendants, the district court properly granted

---

[10] *See Wilson v. Bezona*, 485 F. App'x 976, 977, 978 (10th Cir. 2012) (affirming district court's grant of summary judgment in favor of defendants on grounds the § 1983 claims were not exhausted, but remanding to district court to dismiss claims *without* prejudice).

summary judgment based on non-exhaustion to even those Defendants who had not formally moved for it." (*citing Doña Ana Mut. Domestic Water Consumers Ass'n v. City of Las Cruces, N.M.*, 516 F.3d 900, 912 (10th Cir.2008)); *Zinna v. Cook*, 428 F. App'x 838, 841 (10th Cir. 2011) (finding district court did not err in "logically extending its grant of summary judgment to [the non-moving defendant]").

The Court further addresses alternative grounds for dismissal and/or summary judgment raised by the Moving Defendants or pursuant to the Court's screening authority as to certain of these unexhausted claims as more fully set forth below. The Court also addresses the claims raised in Counts Eight, Nine, Ten and Eleven as the Moving Defendants have not expressly raised the exhaustion defense as to those claims.

### B.    Time-Barred Claims – Counts One, Two and Eight

The Moving Defendants seek dismissal of the claims raised in Counts One, Two and Eight on grounds the claims are time-barred. The Moving Defendants rely on, and the Court has considered, matters outside the pleadings in addressing this ground for dismissal. Therefore, the Court converts the Moving Defendants' Motion to a motion for summary judgment governed by Rule 56.[11] For the reasons that follow, the Court finds summary judgment should be entered in favor of the Moving Defendants as to the claims raised in Counts One, Two, and Eight because

---

[11] The Moving Defendants also seek dismissal of the claims raised in Grounds Nine and Ten as time-barred. As discussed below, the Court finds the claim raised in Count Nine alleging a violation of Plaintiff's due process rights based on deficiencies in the OCDC's grievance process fails to state a claim upon which relief may be granted. The claim was previously dismissed as raised in the Complaint. *See* Report and Recommendation [Doc. No. 12] at pp. 5-6; *see also* Order [Doc. No. 14] at p. 3 (adopting Report and Recommendation). And Plaintiff has not sufficiently amended the allegations to state a cognizable claim. In addition, the claim raised in Count Ten and brought solely against Defendants Whetsel and Davis alleging a failure to properly train and supervise detention officers at OCDC, fails to state a claim upon which relief may be granted. The Court, therefore, does not address whether the claims raised in Counts Nine and Ten are also subject to dismissal as untimely.

those claims are barred by the applicable limitations period. The Court further recommends summary judgment be granted in favor of the Non-Moving Defendants against whom these same claims are brought. *See Zinna*, 428 F. App'x at 841.

In an action brought pursuant to § 1983, the forum state's limitations period for a personal injury claim governs, but accrual of the cause of action is determined by federal law. *See Beck v. City of Muskogee Police Dep't*, 195 F.3d 553, 557 (10th Cir. 1999). Under Oklahoma law, a two-year limitations period applies. *See* Okla. Stat. tit. 12, § 95(A)(3); *see also Meade v. Grubbs*, 841 F.2d 1512, 1522 (10th Cir. 1988). A civil rights action accrues "when the plaintiff knows or should know that his or her constitutional rights have been violated." *Smith v. City of Enid*, 149 F.3d 1151, 1154 (10th Cir. 1998) (citation omitted).

The record before the Court establishes that the claim raised in Count One challenging the conditions of Plaintiff's confinement at the OCDC arose on or about October 17, 2012. *See* Special Report, Request to Staff [Doc. No. 47-8] at pp. 11-18. The limitations period, therefore, expired prior to the filing of the instant action on March 26, 2015.[12]

The claim raised in Count Two is based on Plaintiff's allegations that he was subjected to excessive force during an encounter with Officer O'Melly, 2 John Does and 1 Jane Doe. *See* Amended Complaint at p. 2. He further alleges he was denied medical care for injuries sustained during this encounter. According to the Special Report, this incident occurred on or about December 26, 2012. *See* Special Report, Oklahoma County Sheriff Office Jail Facility Report

---

[12] Plaintiff does not refute the evidence regarding the accrual date of this claim. In a Motion [Doc. No. 52] requesting further leave to amend the Amended Complaint, Plaintiff concedes the claim arose on or about October 17, 2012. *See id*. at p. 2.

Form [Doc. No. 47-4] at p. 1.[13] The instant action was filed after the expiration of the limitations period as to this claim.

In Count Eight Plaintiff alleges that Defendant Long brought false misconduct charges against him, claiming that Plaintiff had spit on a nurse during "pill call." *See* Amended Complaint at p. 6. Plaintiff alleges that as a result of the false misconduct charges, he was placed in segregation for a period of thirty days. *See id*. According to the Special Report, this incident occurred on September 27, 2012 and Plaintiff's resulting disciplinary segregation ended on November 14, 2012. *Id*., Oklahoma County Sheriff Jail Facility Report Form [Doc. No. 47-2] at pp. 1-2; *see also id*. at pp. 8-14 (disciplinary charges). Plaintiff did not bring a timely claim to challenge the alleged false misconduct charges and, therefore, the claim raised in Count Eight is barred by the applicable two-year limitations period.

Significantly, in his objection, Plaintiff does not challenge any of the facts demonstrating his claims are untimely. Instead, in wholly conclusory fashion Plaintiff states that the wrongs about which he complains constitute a "continuous motion by the county Detention Officers" [sic] and the actions did not stop until December 2013. *See* Objection at p. 2. It appears Plaintiff attempts to invoke the continuing violation doctrine, "which permits courts to consider continuing wrongs as a whole, so long as an injurious act fall within the statute of limitations period." *Graham v. Taylor*, No. 15-1286, 2016 WL 521078 at *2 (10th Cir. Feb. 10, 2016) (unpublished op.) (internal quotations and citation omitted). But the Tenth Circuit "has never formally adopted the continuing violation doctrine for § 1983 actions." *Id*. at *2 n. 2 (citation omitted). Moreover, Plaintiff's claims allege discreet conduct by different detention officers

---

[13] Again, Plaintiff does not refute the evidence regarding the accrual date of this claim. And, in the Motion [Doc. No. 52] requesting further leave to amend the Amended Complaint, Plaintiff concedes the claim arose on or about December 26, 2012. *See id*. at p. 3.

"making it inappropriate to aggregate all such [conduct] into one continuing violation for limitations purposes." *Fogle v. Slack*, 419 F. App'x 860, 865 (10th Cir. 2011). Accordingly, summary judgment should be entered in favor of Moving Defendant Causas and Non-Moving Defendants John and Jane Does, Officer O'Melly and Officer Long on grounds the claims raised in Grounds One, Two and Eight are untimely and barred by the applicable two-year limitations period.

**C.** **Count Four / Verbal Threats and Harassment – Defendants Owusu and Thortau**

Plaintiff brings the claim in Count Four of the Amended Complaint against Moving Defendant Owusu and Non-Moving Defendant Thortau. Without identifying any specific dates, Plaintiff alleges that for a period of two to three weeks, these Defendants verbally harassed him and pulled out mace threatening to spray him. Plaintiff's allegations are insufficient to state a claim for relief under § 1983. *See McBride v. Deer*, 240 F.3d 1287, 1291 n. 3 (10th Cir. 2001) ("[B]eing subjected to nothing more than threats and verbal taunts" does not violate the Constitution); *Northington v. Jackson*, 973 F.2d 1518, 1524 (10th Cir. 1992) (recognizing that "verbal threats and harassment" are generally "excluded from the cruel and unusual punishment inquiry"); *Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir. 1979) (no constitutional violation claim for relief stated based on allegations that sheriff laughed at inmate and threatened to hang him); *see also Alvarez v. Gonzales*, 155 F. App'x 393, 396 (10th Cir. 2005) ("Mere verbal threats or harassment do not rise to the level of a constitutional violation unless they create 'terror of instant and unexpected death'"). Therefore, Plaintiff's claim in Count Four of the Complaint against Defendants Owusu and Thortau should be dismissed for failure to state a claim upon which § 1983 relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B)(ii), respectively.

**D.  Count Seven / Denial of Medical Care – Defendant Hill**

Defendant Hill is not a Moving Defendant.  The Court reviews this claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

A prison official's deliberate indifference to serious needs of prisoners violates the Eighth Amendment prohibition against unnecessary and wanton infliction of pain.  *Al–Turki v. Robinson*, 762 F.3d 1188, 1192 (10th Cir. 2014).  To state an Eighth Amendment deliberate indifference claim a plaintiff must allege facts demonstrating both an objective and a subjective component. *Al–Turki*, 762 F.3d at 1192.  Under the objective prong, the facts must demonstrate the prisoner's medical condition was "sufficiently serious." *Id*.  Under the subjective prong, the facts must demonstrate the defendant-official knew of and disregarded an excessive risk to inmate health or safety. *Id*.

Plaintiff alleges that on "more than five (5) occasions," Defendant Hill "purposely refused" to provide Plaintiff his medication.  *See* Amended Complaint at p. 6.  Plaintiff further alleges that he takes medication "for P.T.S.D., depression, terror dreams [and] anxiety." *See id*.  He states "[t]his went on for some time" even after he spoke with a shift leader (not a named defendant in this action).  *See id*.  Again, Plaintiff does not provide any dates as to when this alleged conduct occurred.[14]  Nor does Plaintiff allege whether the denial of medication was

---

[14]  Because Plaintiff fails to allege facts demonstrating when this conduct occurred it is not possible to determine his status at that time.  During a period of Plaintiff's detention at the OCDC (from approximately August 22, 2012 through the date of his conviction on November 15, 2013) he was a pretrial detainee entitled to protection under the Due Process Clause of the Fourteenth Amendment.  From the date of his conviction until his transfer from OCDC in January 2014, however, Plaintiff was a convicted prisoner and his claims would be governed by the Eighth Amendment.  But regardless of whether Plaintiff was a pretrial detainee or a convicted prisoner, the same standard governs his denial of medical care claim.  *See, e.g., Martinez v. Beggs*, 563 F.3d 1082, 1088 (10th Cir. 2009).

The Court notes that the Supreme Court recently decided that a pretrial detainee's excessive force claim brought pursuant to the Due Process Clause is governed by an objective

continuous or intermittent. He also fails to identify any injury suffered as a result of the alleged denial of medication on the five or more occasions alleged. And Plaintiff does not allege facts demonstrating Defendant Hill acted with deliberate indifference. Plaintiff alleges only that he beat on his door to get Defendant Hill's attention and other inmates advised Defendant Hill that Plaintiff was on the medical list. But he does not allege facts demonstrating Defendant Hill refused Plaintiff medication with knowledge that Plaintiff would suffer a serious risk of substantial harm or that Defendant Hill was even the OCDC personnel responsible for dispensing medication to Plaintiff. For all these reasons, Plaintiff's claim against Defendant Hill fails to state a plausible claim upon which § 1983 relief may be granted and should be dismissed without prejudice.

### E. Count Nine / Failure to Provide Proper Grievance Procedures – Defendants Lt. John Doe Grievance Supervisor and Officer John Doe Grievance Investigator

In Count Nine of the Amended Complaint, Plaintiff challenges the adequacy of the OCDC's grievance process. He alleges that "no matter what, residents are seen as guilty" and no proper investigation is undertaken. *See* Amended Complaint at p. 7. Plaintiff's claim is wholly conclusory, fails to identify any particular grievance, any particular conduct, or any particular wrong allegedly suffered by him. On this basis alone, his claim should be dismissed for failure to state a claim upon which relief may be granted. *See, e.g, Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) (the plausibility requirement allows the defendants to be informed of the basis of the claims asserted against them and serves to eliminate claims that, in the absence of

---

standard and differentiated review of that claim from one brought by a convicted prisoner. *See Kingsley v. Hendrickson*, -- U.S. --, 135 S.Ct. 2466, 2473 (2015). But the *Kingsley* decision did not address the standard applicable to a pretrial detainee's denial of medical care claim and, therefore, the Court follows existing Tenth Circuit precedent as to the appropriate standard governing such a claim.

further factual allegations, lack a reasonable prospect of success). Moreover, as set forth in the Report and Recommendation [Doc. No. 12] addressing Plaintiff's original complaint, no constitutional right is implicated based solely on allegations of an inadequate grievance procedure. *See id*. at pp. 3-4. The Court adopts and incorporates its prior analysis with respect to this issue and recommends dismissal without prejudice of the claim raised in Count Nine of the Amended Complaint pursuant to § 1915(e)(2)(B)(ii).

### F.    Count Ten / Failure to Train – Defendants Whetsel and Dear

In Count Ten of the Complaint, Plaintiff alleges that Moving Defendants Whetsel and Dear, as "head administrators" of the OCDC, are responsible for "the proper training and conduct of the officers and other person[nell] of which they govern in there [sic] administrative offices." *See* Amended Complaint at p. 7. Plaintiff further alleges that these Defendants "can be held liable for civil right violation [sic] that continuously occurs without correction . . . ." *Id*.

Plaintiff's allegations make clear that he impermissibly attempts to impose liability against Moving Defendants Whetsel and Dear based solely on their supervisory role under a theory of respondeat superior. But "vicarious liability is inapplicable to . . . § 1983 suits" and "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

Thus, to impose § 1983 liability against a defendant supervisor, a plaintiff must demonstrate: "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Dodds v. Richardson*, 614 F.3d 1185, 1199 (10th Cir. 2010). Here, Plaintiff's allegations against Defendants Whetsel and Dear are wholly conclusory and factually unsupported. There are no

allegations as to any unconstitutional policy, any resulting harm to Plaintiff or that the Defendants acted with the requisite state of mind. As the Moving Defendants state: "without any detail given, it is impossible to discern what way the Plaintiff is alleging the training was not 'proper.'" *See* Motion at pp. 21-22. For these reasons, Moving Defendants Whetsel and Dear are entitled to dismissal of the § 1983 claims raised in Count Ten of the Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6).

### G. Count Eleven / Failure to Train – County of Oklahoma

Plaintiff's claim in Count Eleven of the Complaint is brought against the County of Oklahoma and alleges that the County "is responsible for failure of proper training, supervision & discipline of detention officers, their administrative heads and other person[nel]." *See* Amended Complaint at p. 8.[15] This claim should be dismissed on grounds it is wholly conclusory. Moreover, Plaintiff fail to allege a basis for imposition of liability against the County. To hold Oklahoma County liable, Plaintiff must allege facts demonstrating the existence of a county policy that was the moving force behind the alleged violation of his federal rights. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985). Oklahoma County cannot be held liable under a theory of respondeat superior. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) ("[A] municipality cannot be held liable solely because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory.").

---

[15] The docket reflects the OCDC remains a defendant in this case. However, the Court previously dismissed OCDC on grounds it is not a suable entity. *See* Report and Recommendation [Doc. No. 12] at pp. 3-4; *see also* Order [Doc. No. 14] at p. 3 (adopting Report and Recommendation). When Plaintiff filed the Amended Complaint, he did not name the OCDC as a defendant but instead identified Oklahoma County as a defendant. *See* Amended Complaint at p. 8. The Clerk, therefore, should be directed to terminate the OCDC as a defendant in this action pursuant to the Court's prior Order [Doc. No. 14].

"A challenged practice may be deemed an official policy or custom for § 1983 municipal-liability purposes if it is a formally promulgated policy, a well-settled custom or practice, a final decision by a municipal policymaker, or deliberately indifferent training or supervision." *Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 770 (10th Cir. 2013). Plaintiff's allegations regarding failure to properly train and supervise the detention officers are deficient. There are no facts to suggest any policy of the County has resulted in the violation of his constitutional rights. Nor has Plaintiff alleged facts suggesting deliberate indifference. *See, e.g., Barney v. Pulsipher*, 143 F.3d 1299, 1307 (10th Cir. 1999) (to impose § 1983 liability based on an unconstitutional policy or custom, a plaintiff must show "that the [official] action was taken with the requisite degree to culpability and must demonstrate a direct causal link between the [official action] and deprivation of federal rights") (internal quotations and citation omitted). Plaintiff's conclusory allegations fail "to inform the defendants of the actual grounds of the claim against them." *Robbins*, 519 F.3d at 1248. Nor do Plaintiff's "labels and conclusion" and "formulaic recitation of the elements" of a county liability § 1983 claim suffice. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Accordingly, it is recommended that the claim raised in Count Eleven against Oklahoma County be dismissed for failure to state a § 1983 claim upon which relief may be granted.[16]

---

[16] Moreover, under Oklahoma law, a suit may be brought against a county, but must be brought in the name of its Board of County Commissioners. *See* Okla. Stat. tit. 19, § 1 ("Each organized county within the state shall be a body corporate and politic and as such shall be empowered to ... sue and be sued...."); *id.*, § 4 ("In all suits or proceedings by or against a county, the name in which a county shall sue or be sued shall be, 'Board of County Commissioners of the County of ___. . . .'").

## V.    Plaintiff's Pending Motions

### A.    Motion for Default Judgment

Plaintiff has filed a Motion for Default Judgment [Doc. No. 51] claiming that he has properly served Defendant Thortau but Defendant Thortau has not timely responded.[17]   As set forth above, Plaintiff alleges only one claim for relief against Defendant Thortau as set forth in Count Four of the Amended Complaint.   And the Court has recommended dismissal of the claim raised in Count Four pursuant to § 1915(e)(2)(B)(ii).   Accordingly, Plaintiff's Motion should be denied.   *See Judy v. Obama*, 601 F. App'x  620, 622 (10th Cir. 2015) (plaintiff's claim that he was entitled to default judgment against properly served defendants or alternatively, if defendants were not properly served, an order from the district court compelling service of process, did not matter; even if the defendants were properly served the plaintiff was not entitled to default judgment because the court was required to dismiss his complaint under § 1915(e)).[18]

### B.    Motion for Leave to File Second Amended Complaint

Plaintiff moves for leave to file a Second Amended Complaint.   A review of the Motions [Doc. Nos. 52, 53] establishes that Plaintiff does not seek to add additional factual allegations as to any of the claims raised nor does Plaintiff seek to raise additional claims.[19]   Instead, Plaintiff

---

[17] Some dispute exists as to the proper spelling of this Defendant's last name.   In the Amended Complaint, Plaintiff identifies the last name as spelled "Thortau."   *See* Amended Complaint  at p. 4.   But in the Motion for Default Judgment [Doc. No. 51], Plaintiff identifies the last name as spelled "Thortan."   *See* Motion at p. 1.

[18] Additionally, Plaintiff's requested relief is precluded by 42 U.S.C. § 1997e(g)(2).   *See Bell v. Lesure*, No. CIV-08-1255-R, 2009 WL 1290984 at *1 (W.D. Okla. May 6, 2009) (unpublished op.); *see also id.*, Report and Recommendation at **2-4.

[19] The Moving Defendants identify a claim of conspiracy Plaintiff purports to raise as an amendment to Count Seven of the Amended Complaint.   *See* Response [Doc. No. 58] at pp. 1-2. And, in his Reply [Doc. No. 60] Plaintiff states that "the documents provided by the District Attorney's office clearly shows the conspiracy by the defendants by their reports of

submits names of individuals formerly identified as John Doe Defendants and places those names next to the corresponding claim or claims brought against them. Based on the recommendation set forth herein that summary judgment be granted in Defendants' favor and/or that those claims be dismissed pursuant to § 1915(e)(2)(B)(ii), Plaintiff's Motion for Leave to Amend should be denied.

### C. Motions Regarding Summons and Service

Plaintiff filed three Motions [Doc. Nos. 55, 56 and 61] and requests that summons be issued regarding certain Defendants previously identified as John Doe Defendants or that summons be re-issued as to certain Defendants previously identified by the wrong name. Because the Court recommends dismissal and/or summary judgment as to all claims raised in the Amended Complaint, Plaintiff's Motions should be denied as moot.

### D. Motion for Writ of Mandamus

Plaintiff most recently has filed a Motion for Writ of Mandamus [Doc. No. 63]. It appears that Plaintiff seeks relief related to his state court criminal conviction and states that his conviction and sentence "should be vacated and immediate release given." *See* Motion at p. 2. Plaintiff's requested relief is not cognizable in this § 1983 action. *See Palma-Salazar v Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012) ("[A] prisoner who challenges the fact or duration of his confinement and seeks immediate release or a shortened period of confinement, must do so

---

speculations." It is not clear what Plaintiff intends by this statement. But Plaintiff's allegations of conspiracy are wholly conclusory. *See Tonkovich v. Kan. Bd. of Regents*, 159 F.3d 504, 533 (10th Cir. 1998) ("Conclusory allegations of conspiracy are insufficient to state a valid § 1983 claim." (quotation omitted)). Thus, even if Plaintiff were seeking leave to add such a claim, his request to amend should be denied on grounds of futility. *See Bradley v. Val–Mejias*, 379 F.3d 892, 901 (10th Cir. 2004) ("A proposed amendment is futile if the complaint, as amended, would be subject to dismissal.").

through an application for habeas corpus.").  Therefore his Motion for Writ of Mandamus should be denied.

## <u>RECOMMENDATION</u>

It is recommended that the Motion to Dismiss of Defendants Robert Casaus, Russell Dear, Christian Owusu, Andres Sanchez, Colton Stonebreaker and Sheriff John Whetsel, construed, in part, as a motion for summary judgment, be granted.  The Moving and Non-Moving Defendants should be granted judgment as a matter of law in their favor as to the claims raised in Counts One through Seven of the Amended Complaint on grounds those claims are unexhausted.  The claims should be dismissed without prejudice.

It is further recommended that the Moving and Non-Moving Defendants be granted judgment as a matter of law in their favor as to the claims raised in Counts One Two and Eight of the Amended Complaint because those claims are time-barred by the applicable two-year limitations period.  Additionally, it is recommended that the claims raised in Counts Ten and Eleven be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

Finally, it is recommended that the claims raised in Counts Four, Seven and Nine be dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

It is further recommended that Plaintiff's Motion for Default Judgment [Doc. No. 51] brought against Defendant Thortau be denied, and that Plaintiff's Motions to Amend [Doc. Nos. 52-53], requesting leave to file a Second Amended Complaint, be denied on grounds further amendment would be futile.

It is further recommended that Plaintiff's Motions [Doc. Nos. 55, 56 and 61] regarding service and summons of certain Defendants previously identified as John Doe Defendants or

identified by the wrong name be denied as moot, and that Plaintiff's Motion for Writ of Mandamus [Doc. No. 63] be denied as the relief requested is not available in this § 1983 action.

Finally, the Clerk of Court should be directed to terminate the Oklahoma County Detention Center as a Defendant in this action. *See* discussion supra, n. 15.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of the District Court by May 13, 2016. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the District Judge in this matter.

ENTERED this 22nd day of April, 2016.

BERNARD M. JONES
UNITED STATES MAGISTRATE JUDGE