# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| WILLIAM L. HARDING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIV-15-316-R |
| | ) | |
| ROBERT CASAUS, RUSSELL | ) | |
| DEAR, CHRISTIAN OWUSU, | ) | |
| ANDRES SANCHEZ, COLTON | ) | |
| STONEBREAKER, SHERIFF | ) | |
| JOHN WHETSEL, COUNTY | ) | |
| OF OKLAHOMA, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff filed this action alleging violation of his constitutional rights with regard to his confinement at the Oklahoma County Detention Center. Pursuant to 28 U.S.C. § 636(b)(1)(B), the matter was referred to United States Magistrate Judge Bernard M. Jones for preliminary review. On April 22, 2016, Judge Jones issued a Report and Recommendation recommending dismissal and/or summary judgment in favor of the Defendants with regard to each of the claims raised in the Amended Complaint. The matter is currently before the Court on Plaintiff's timely objection to the Report and Recommendation, which gives rise to the Court's obligation to conduct a *de novo* review of those portions of the Report and Recommendation to which Plaintiff makes specific objection. Having undertaken this review, the Court finds as follows.

In the Report and Recommendation Judge Jones recommended that Claims One through Seven of the Amended Complaint be dismissed without prejudice because Plaintiff had not exhausted these claims via the administrative grievance process. Judge Jones further recommended dismissal of Counts One, Two and Eight on the basis of the applicable statute of limitations. With

regard to Count Four Judge Jones concluded that Plaintiff's allegations were insufficient to state a claim and therefore should be dismissed pursuant to Rule 12(b)(6) with regard to the moving Defendant, Owusu, and pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for Defendant Thortau. With regard to Count Seven, Judge Jones recommended dismissal of Defendant Hill on the basis of § 1915(e)(2)(B)(ii).[1] With regard to Count Nine, Judge Jones recommended dismissal because there is no substantive constitutional right to an adequate grievance process in jail and because Plaintiff's allegations are conclusory and fail to identify any particular wrong that he allegedly suffered. With regard to Count Ten, Judge Jones recommended dismissal because Plaintiff seeks to impose liability on a theory of respondeat superior, which is not cognizable under § 1983. Finally, with regard to Count Eleven, Judge Jones recommended dismissal of Plaintiff's failure to train claim levied against Oklahoma County because the allegations therein were conclusory. Judge Jones made recommendations with regard to certain motions filed by Plaintiff. With regard to Plaintiff's Motion for Default, Judge Jones recommended it be denied because Plaintiff failed to state a claim against Defendant Thortau. With regard to Plaintiff's Motion for Leave to File a Second Amended Complaint, Judge Jones concluded it should be denied because Plaintiff did not seek to add additional factual allegations in support of his claims, generally only seeking to identify by name those persons previously addressed as John Doe Defendants. Judge Jones recommended denial of Plaintiff's Motions for Service with regard to the now-identified John Doe Defendants because those persons are entitled to dismissal. Finally, he recommended denial of the Motion for Writ of Mandamus. Plaintiff has now indicated that motion was filed in the wrong case and that he intended

---

[1] Plaintiff alleges that Defendant Hill was improperly named in Count Seven and that the correct Defendant should be Neal. Plaintiff, however, did not expand on the factual allegations in support of this deliberate indifference claim.

it to be filed in his habeas action by filing a Motion to Strike. Accordingly, the Motion for Writ of Mandamus is hereby STRICKEN as requested in Plaintiff's Motion(Doc. No. 68), which is therefore GRANTED.

In his objection Plaintiff contends that he attempted to exhaust but was thwarted in his efforts by the employees and staff of the Oklahoma County Detention Center. In response to the Motion to Dismiss Plaintiff stated, in his verified response:

> Furthermore, I was not given a response to any request to staff other than the one that Lt. Hansen signded (sic) that went to the Jail Administrator which shows that the grievance process is indeed a "sham" as the States Attorney states. Although I did file grievances on all matters only one went through. When a residents have to turn in complaints request to staff & the grievances to the very same people you are writing up, it is more than fair to say that process fails totally.

Doc. No. 57, pp. 2-3. The Court first notes that according to the affidavit of Sgt. Sean McKeehan, a detainee may utilize a kiosk to submit a request to staff, and indeed Plaintiff used the kiosk for a November 19, 2013 Request to Staff. Thus, it is not true that all complaints must be submitted to the persons about whom the detainee wishes to complain. Second, Plaintiff's allegations regarding the unavailability of administrative remedies are entirely conclusory, and conclusory allegations, standing along, do not create an issue of fact. *See Thomas v. U.S. Bureau of Prisons*, 282 Fed.Appx. 701, 2008 WL 249049, *3 (10th Cir. June 24, 2008). Defendant submitted Requests to Staff and Grievance forms submitted by Plaintiff that were not fully exhausted according to the grievance procedures at the Oklahoma County Detention Center. Accordingly, the Court concludes that the Report and Recommendation is correct with regard to the recommendation that Plaintiff's claims One through Seven should be DISMISSED WITHOUT PREJUDICE because Plaintiff failed to exhaust his remedies under the PLRA.

With regard to Counts One, Two and Eight, which Judge Jones concluded were time-barred,

Plaintiff makes no new arguments, persisting in his contention that his claims are timely pursuant to a continuing violation theory. As noted by Judge Jones, the Tenth Circuit has not adopted the doctrine with regard to § 1983 claims, and Plaintiff's claims in each of these counts is based on specific incidents by specific officers with finite beginnings and endings. As such, even if the Tenth Circuit applied the continuing violation doctrine in the context of § 1983 litigation, it would not render these claims timely. The Report and Recommendation is adopted with regard to the recommendation that Counts One, Two and Eight be dismissed as untimely.

With regard to Count Four Plaintiff now contends that Defendants Owusu and Thortau called him a snitch to other inmates and that they, the employees, would threaten Plaintiff with mace and other violence. Plaintiff does not allege that he was actually subjected to violence by other inmates after Defendants allegedly identified him as a snitch.² The Court concurs with Judge Jones' conclusion with regard to the Fourth claim that Plaintiff has failed to allege sufficient facts to support a violation of his civil rights. First, the Court finds that by failing to allege he was identified as a "snitch" in his pleadings or his filings before Judge Jones, Plaintiff is precluded from doing so now. Thus, the Court will only accept as true the allegation in his Amended Complaint that he was called "bitch," a word without the same connotation in the context of incarceration. Second, although the Tenth Circuit "can imagine situations where verbal abuse might amount to the level of cruel and unusual punishment," *Rivera v. Hassler*, 79 Fed.Appx. 392, 394 (10th Cir. Oct. 24, 2003), the allegations in this case do not rise to such level. Accordingly, the Report and Recommendation is adopted with regard to Plaintiff's Fourth claim.

---

² Plaintiff's objection uses the term "snitch," however his Amended Complaint and his proposed amendment indicated that he was called a "bitch." In his response to the Motion to Dismiss Plaintiff did not indicate that he was called a snitch or that the officers placed him in harms way be relaying information to other inmates that would threaten Plaintiff's safety.

With regard to the remaining claims, the Objection to the Report and Recommendation contains no arguments or authorities that provide the Court with a basis for disagreeing with or rejecting the Report and Recommendation. The Court has conducted its *de novo* review of the Report and Recommendation in light of Plaintiff's specific objections thereto. Having done so, the Court finds no basis for rejecting or modifying the Report and Recommendation, other than with regard to Plaintiff's Motion for Writ of Mandamus, which Plaintiff requested be stricken as set forth below. Accordingly, the Court hereby ADOPTS the Report and Recommendation. In accordance with the Report and Recommendation, the Clerk is hereby directed to terminate the Oklahoma County Detention Center from this action because Plaintiff's Amended Complaint did not raise claims against the Center. Plaintiff's Motion for Default Judgment (Doc. No. 51), Motion to Amend (Doc. No. 52), Motion for Order re Summons (Doc. No. 55), Motion for Order for Summons(Doc. No. 56) and Motion for Order for Summons (Doc. No. 61) are hereby DENIED for the reasons set forth in the Report and Recommendation. Plaintiff's Motion to Strike (Doc. No. 68) is hereby GRANTED, Plaintiff's Motion for Writ of Mandamus (Doc. No. 63) is hereby STRICKEN.

IT IS SO ORDERED this 11th day of July, 2016.

_David L. Russell_
**DAVID L. RUSSELL**
**UNITED STATES DISTRICT JUDGE**